# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2025

*The Court of Appeals hereby passes the following order:*

## A25I0174. DUTTON v. SCHOOL ZONE SAFETY PROGRAM.

As more fully detailed in the attached opinion, the Fifth Division of the Court of Appeals of Georgia hereby **DENIES** the application for appellate review.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  03/31/2025*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 1, 2025**

# In the Court of Appeals of Georgia

A25I0174. DUTTON v. SCHOOL ZONE SAFETY PROGRAM.

MCFADDEN, Presiding Judge.

James R. Dutton brought a proceeding in state court to challenge a civil penalty he received under OCGA § 40-14-18. That Code section authorizes civil monetary penalties for speeding violations in school zones by on the basis of photographically recorded images — without a judicial or quasi-judicial proceedings.

The Code section puts the burden on the recipient of a citation to contest it. But it does not specify how such a challenge should be styled. Dutton styled his challenge a "special demurrer and motion to dismiss." In that pleading, he asserted various constitutional challenges to the statute and its enforcement against him.

At a hearing, the trial court rejected Dutton's constitutional challenges and, after receiving evidence, held that Dutton was liable on the citation and imposed a $100 fine. The trial court later entered a written order denying the "special demurrer motion to dismiss" and granted Dutton's petition for a certificate of immediate review of that order.

Dutton then filed an application for discretionary appeal with the Supreme Court of Georgia, but the Court determined that it lacked jurisdiction because the arguments raised in Dutton's application addressed the constitutionality of the enforcement of the statute, rather than the constitutionality of the statute itself. The Court transferred the application to this court and Dutton filed a supplemental application in which he clarified that he is challenging the constitutionality of OCGA § 40-14-18.

As an initial matter, we note that although Dutton styled his filing a "special demurrer and motion to dismiss" and sought a certificate of immediate review of the trial court's order denying that motion, his application is not, in fact, interlocutory in nature. He has been adjudicated liable and ordered to pay a fine on the citation, and it appears that nothing remains pending below. Under OCGA § 40-14-18 (f), he is

entitled to seek appellate review of the trial court's ruling under the procedures for discretionary appeals set forth in OCGA § 5-6-35. While OCGA § 40-14-18 does not describe how a pleading contesting a citation should be styled, we recommend using "petition for review" to avoid confusion on this issue.

But Dutton has not convinced us that discretionary appellate review is warranted in this case. Notwithstanding the arguments in his supplemental application to this court, we cannot consider any challenges to the constitutionality of OCGA § 40-14-18 itself; we are bound by our Supreme Court's determination that this case concerns only challenges to the constitutionality of the statute's enforcement. And Dutton's arguments on that issue are not persuasive.

*Application denied. Hodges and Pipkin, JJ., concur.*